UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JANE M. MERIWEATHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-31-HAB |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Objection to United States Magistrate Judge Collins' Order Modifying the Scheduling Order and Granting Plaintiff's Motion to Extend Discovery Schedule (the "Objection) (ECF No. 36), filed on December 8, 2020. Plaintiff filed her Response (ECF No. 38) on December 22, 2020. The Court agrees with Defendant that Magistrate Judge Collins applied the incorrect legal test in ruling on Plaintiff's Motion to Extend Deadline for Close of Discovery (the "Motion") (ECF No. 31). However, because reasonable jurists can, and do, disagree as to the appropriate legal test, the Court concludes that her order (the "Order") (ECF No. 34) is not an abuse of discretion. Therefore, the Objection will be denied.

**A.     Factual Background**

The discovery deadline in this case, as established by the Report of Parties' Planning Meeting (ECF No. 10), was November 12, 2020. (*Id*. at 3; ECF No. 14). During the discovery period, Plaintiff's counsel saw several personnel changes, including the departure of an associate attorney at the end of July 2020. (ECF No. 31 at 1). Attorney Ilene Smith was assigned to this case during the week of October 19, 2020. (*Id*.). On October 20, 2020, a paralegal at Plaintiff's counsel's office contacted Defendant's counsel to advise that Plaintiff's lead counsel, Chris Myers,

had just noticed that Plaintiff had not served discovery. (ECF No. 32-1). The paralegal asked for Defendant's counsel's agreement to allow Plaintiff to serve discovery that day. (*Id.*). It does not appear that Defendant's counsel responded to this inquiry.

Two days later, Smith emailed Defendant's counsel to seek a twelve-day extension of the discovery deadline. (ECF No. 32-2). Smith did not know the discovery deadline until just prior to sending the email; Smith's October 22, 2020, email to Defendant's counsel was part of a chain that included an exchange between Smith and her paralegal wherein she inquired as to the discovery deadline. (*Id.*). Again, Defendant's counsel did not respond. Having received no response to any of her firm's deadline-related communications, Smith issued discovery requests the same day. (ECF No. 31 at 1). Only upon receiving the discovery requests did Defendant's counsel finally respond, stating, "As you know, these are untimely. We will not be responding." (ECF No. 32-3).

With Defendant refusing to respond to discovery, Plaintiff filed the Motion seeking a forty-five-day extension to the discovery deadline. Defendant responded, arguing that Plaintiff had failed to demonstrate good cause for modifying the Court's scheduling order under Fed. R. Civ. P. 16(b)(4). (ECF No. 32).

A telephonic hearing on the Motion was held on November 24, 2020. Neither party offered extensive argument, both electing to rely on their filings. Magistrate Judge Collins found that Plaintiff's counsel "let this one kind of drop through the cracks" which, she concluded, did not establish good cause. (ECF No. 35 at 3). However, Magistrate Judge Collins went on to look to the "equities" of the case. (*Id.*). She noted that the case was less than a year old and that, if the Motion were denied, Plaintiff would be "in a position where you have no discovery." (*Id.*). Magistrate Judge Collins noted that her analysis was "not the test," but granted the Motion anyway.

(*Id*. at 3–4). At Defendant's request, Magistrate Judge Collins stayed the case for fourteen days to allow Defendant to file the Objection.

**B.     Legal Analysis**

**1.     *Appeal from a Magistrate's Ruling***

Because Defendant objects to a discovery ruling by the magistrate judge, the objection must be evaluated under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Under both provisions, a magistrate's resolution of non-dispositive discovery disputes is reviewed for an abuse of discretion. *Matter of Search of Eyecare Physicians of Am.*, 910 F.Supp. 414, 416 n.3 (N.D. Ill. 1996). This standard has also been referred to as the "clearly erroneous or contrary to law" standard of review. *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D. Kan. 1991). This standard requires that the Court affirm the decision of the magistrate unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

**2.     *Myers' Affidavit***

As set forth above, the Motion provided the Magistrate with little factual basis upon which to decide. Smith provided nothing more during the telephonic hearing. Apparently understanding that the record was sparse, Plaintiff supplied the affidavit of Myers as part of her response to the Objection. (*See* ECF No. 38-1). In summary, Myers asserts that he believed an extension to the discovery deadline had been informally obtained by his paralegal. This erroneous belief, Myers asserts, was the cause of his inaction. Defendant objects to the affidavit, asserting that this Court can only consider evidence presented to the Magistrate.[1] (ECF No. 39 at 1–3). The Court disagrees

---

[1] Curiously, at the same time Defendant objects to Plaintiff's submission of additional evidence, it requests that the Court "take notice" of a LinkedIn profile. (ECF No. 39 at 2, n.1). Defendant does not explain why its evidence, not submitted to the Magistrate, should be considered while Plaintiff's should not.

with Defendant to the extent that it claims the Court cannot consider Myers' affidavit. Section 636(b)(1) expressly permits the Court to "receive further evidence" when considering objections to a magistrate's ruling. However, Defendant is correct in noting that a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *Praileau v. Fischer*, 930 F.Supp.2d 383, 387 (N.D.N.Y. 2013). This is particularly true where the offering party presents no justification for failing to offer the evidence to the magistrate. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir. 1994).

The Court sees no reason to depart from the ordinary course here. Plaintiff offers no explanation why Myers' affidavit, or the information contained therein, was not provided to the Magistrate. In addition, Myers' explanation does not merely supplement the information provided to the Magistrate. The Motion does not mention any informal extension or a miscommunication between Myers and his paralegal. Instead, the Motion puts the blame on staffing changes at Plaintiff's attorneys' firm. The affidavit, then, provides an entirely different explanation for Plaintiff's failure to timely issue discovery. Myers' affidavit appears to be the definition of revisionist history and will not be considered by the Court in ruling on the Objection.

### 3.    *The Interplay Between Fed. R. Civ. P. 6 and 16*

The issue underlying the Objection is created by an apparent inconsistency in the Federal Rules of Civil Procedure. Defendant claims that, because Plaintiff seeks to alter the scheduling order, the Motion must be analyzed under Rule 16(b)(4) which provides that a "schedule may be modified only for good cause and with the judge's consent." Plaintiff and the Magistrate appear to instead apply Rule 6(b)(1)(B), which permits a district court to extend a deadline after it has

expired[2] on a showing of good cause and excusable neglect. The differences between the Rules have resulted in briefs that apply different legal standards to the Motion, creating the proverbial two ships passing in the night.

The Court concludes that, depending on the Rule applied, either side could be correct. Taking Plaintiff's position first, Rule 6(b)(1)(B) permits an extension only on a showing of good cause and excusable neglect. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). However, "good cause" under Rule 6 is not a high standard. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Rather, "good cause" in this context refers to a legally sufficient ground or reason based on all relevant circumstances. *Robinson v. G D C, Inc.*, 193 F.Supp.3d 577, 580 (E.D. Va. 2016).

In determining whether excusable neglect exists, courts are guided by the factors the Supreme Court identified in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) (applying *Pioneer* factors to Rule 6). These factors are not weighted equally: the reason for the delay is the most important factor. *Graphic Communications Int'l v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) (citing

---

[2] Defendant asserts that Rule 6(b)(1)(B) does not apply because, at the time the Motion was filed, the discovery deadline had not expired. (ECF No. 39 at 3). This argument is hard to understand. First, if Defendant's position is correct, then the Motion would be analyzed under Rule 6(b)(1)(A), which would dispense with the requirement of excusable neglect. But more to the point, the argument mischaracterizes a discovery deadline in federal court. Under the Federal Rules of Civil Procedure, the discovery deadline specifies the date on which all discovery must be completed. *United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*, 271 F.R.D. 487, 495 (N.D. Ind. 2010). In this case, then, Plaintiff's discovery needed to be issued on or before October 13, 2020, to meet the November 12, 2020, discovery deadline. Thus, Plaintiff's discovery, issued on October 22, 2020, was issued after the time established by the discovery deadline. Defendant understood this at the time; its invocation of this rule is the entire reason the Motion was necessary.

*Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). Moreover, context matters in determining excusable neglect, including whether the movant was previously dilatory. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593–94 (7th Cir. 2012). The burden is on the movant to show excusable neglect. *In re Dahlgren Int'l, Inc*., 147 B.R. 393, 406 (N.D. Tex. 1992) ("A tardy Rule 6(b) movant bears the burden of establishing excusable neglect."); *see also* 1 Moore's Federal Practice, § 6.06[3][a], p. 6–33 (Matthew Bender 3d ed.2013) ("the moving party must show good cause and demonstrate that the failure to act was the result of 'excusable neglect'"). Thus, the movant's ability to obtain an extension after blowing a deadline is more onerous. *Ammons–Lewis v. Metro. Water Reclamation Dist.*, 2012 WL 6019013 (filing before expiration of deadline entitles movant to proceed under more lenient standard of Rule 6(b)(1)(A)).

Applying the *Pioneer* factors to this case, the Court finds that excusable neglect has been demonstrated. There is no danger of prejudice to the non-movant. The only suggestion of prejudice by Defendant is its assertion that it will be forced to respond to discovery if the discovery deadline is extended. (ECF No. 36 at 10). However, having to participate in discovery is not legal prejudice. *Chambers v. Puff*, 2020 WL 2513714 at *2 (N.D. Ind. May 15, 2020). The length of the delay, approximately ten days at the time of the Motion, is insignificant. In addition, the Court finds no indication of bad faith by Plaintiff's counsel. The Court also notes, as the magistrate did, that there have been no previous extensions in this case.

It is true that the reason for the delay is not particularly compelling and was entirely within the control of Plaintiff. If the remaining factors were equal, the lack of a good reason would be decisive. *Graphic Comms.*, supra. However, the factors are not equal here. Rather, they weigh conclusively in Plaintiff's favor. Considering all relevant circumstances, including the clear

prejudice to Plaintiff if the Motion were denied[3], the Court concludes that Plaintiff meets the requirements of Rule 6(b)(1)(B).

Conversely, the Court concludes that Defendant would prevail if the Motion is analyzed under Rule 16(b)(4). In contrast to Rule 6, when used in Rule 16(b)(4), case law establishes that the term "good cause" imposes a much heavier burden; Rule 16(b)(4)'s "good cause" requirement, which focuses on diligence, is more onerous than Rule 6(b)(1)(B)'s "excusable neglect" requirement. *Auto–Owners Ins. Co. v. Ace Electrical Service, Inc*., 648 F.Supp.2d 1371, 1375 (M.D. Fla. 2009) ("Rule 16 provides a more stringent standard than Rule 6's excusable neglect standard."); *Grecco Photography, Inc. v. Everett Collection, Inc*., 2008 WL 4580024 (S.D.N.Y. Oct. 15, 2008) ("'[g]ood cause' requires a greater showing than 'excusable neglect'")); *see also In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (Rule 4(m)'s "'[good cause]' requires a greater showing than 'excusable neglect'").

In the Seventh Circuit, the court's primary inquiry is the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The Seventh Circuit has not addressed whether prejudice to a non-movant is a proper consideration under Rule 16(b)(4)'s "good cause" standard, but most other circuits focus on the movant's diligence. *See*, *e.g.*, *Race Tires America, Inc. v. Hoosier Racing Tire Corp*., 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (focus on diligence of movant rather than prejudice to non-movant); *Parker v. Columbia Pictures, Indus*., 204 F.3d 326, 339–40 (2nd Cir. 2000); *Sosa v. Airprint*

---

[3] Defendant seems to assert that Plaintiff does not need to conduct additional discovery because Defendant introduced sixteen exhibits during Plaintiff's deposition. (ECF No. 36 at 10). However, on the same page, it asserts that it would be prejudiced by being put to "the time and expense of responding to written discovery and obtaining responsive documents." (*Id*.). Defendant, then, tacitly admits that there is a significant amount of information responsive to Plaintiff's discovery requests that was not contained in the sixteen exhibits.

7

*Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). Although some circuits also consider the prejudice to the non-moving party, that consideration is secondary. *See*, *e.g*., *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716–17 (8th Cir. 2008) (only if movant meets diligence standard does court consider prejudice to non-movant); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (primary focus is diligence but prejudice to non-movant is a "relevant consideration"). The movant bears the burden to establish its diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life*, 424 F.3d 542, 553 (7th Cir. 2005); *Graham v. Progressive Direct Ins. Co*., 271 F.R.D. 112, 118 (W.D. Pa. 2010) ("Rule 16(b)(4) requires that the moving party demonstrate 'good cause' prior to the Court amending its scheduling order..."); *see also 360 Mortgage Group, LLC v. Stonegate Mortgage Corp*., 2015 WL 2408273 (E.D.N.C. May 20, 2015); *Mt. Mktg. Group, LLC v. Heimerl & Lammers*, 2015 WL 1954393 (D. Minn. Apr. 29, 2015); *Grasso v. Consolidated Rail Corp*., 2013 WL 3167761 (D.N.J. June 20, 2013).

The Court agrees with Defendant and the Magistrate that Plaintiff has not demonstrated good cause under Rule 16(b)(4). The Motion does not demonstrate any diligence. Accepting the excuse in the Motion as true, no reason is given for the delay between the July 2020 departure of an associate and the October 2020 reassignment of the case to Smith. Plaintiff also fails to explain her complete inactivity in the months preceding the discovery deadline. In the absence of diligence, good cause cannot be found. *See*, *e.g.*, *Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012).

The Court also agrees with Defendant that Rule 16(b)(4) is the appropriate test. Rule 6 is a rule of general applicability; it is a gap filler that allows for extensions when other more specific rules do not apply. When more than one Federal Rule of Civil Procedure could apply to a circumstance, federal courts should apply the specific provision over the general provision. *See*,

e.g., *Societe Internationale v. Rogers*, 357 U.S. 197, 206–07 (1958) (applying Rule 37 over Rule 41 with regard to discovery sanctions); *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993) ("[W]e think the specific provision . . . should govern, rather than the general one."); *Neighbors Law Firm, P.C. v. Highland Capital Management, L.P.*, 2011 WL 238605 (E.D.N.C. Jan. 24, 2011) (specific provision under Rule 16(b)(4) to modify a scheduling order takes precedence over Rule 6's generally applicable extension provisions); *Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 171–72 (W.D. Pa. 2009) (Rule 36's extension provisions for requests to admit apply rather than Rule 6's general provision); *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 n. 5 (N.D. Ill. 2006) ("Here, there is a precise standard woven into Rule 37(c)(1) which would trump Rule 6."). In this case, the Court entered a specific scheduling order that established a discovery deadline. Accordingly, the more specific rule—Rule 16(b)(4)—would be the appropriate, applicable rule.

That being said, the Court recognizes that courts are split on the issue of whether Rule 6 or Rule 16 applies when a movant seeks to modify a scheduling order. Numerous cases hold that Rule 16(b)(4) applies, in part, because it is the more specific rule. *Barker v. Goorich*, 2012 WL 113423 (S.D. Ohio Jan. 13, 2011) ("Defendant's arguments appear not to recognize the significance of the fact that the deadline which they are seeking to extend was established in a pretrial order issued under Rule 16, and that the Rule 16(b) standard—not the excusable neglect standard set out in Rule 6(b)—applies."); *Carpenter v. Churchville Greene Homeowner's Ass'n*, 2011 WL 4711961 (W.D.N.Y. Sept. 29, 2011); *Richardson v. United States*, 2010 WL 3855193 (E.D.N.C. Sept. 30, 2010); *Sorrels v. MBNA America Bank, N.A.*, 2004 WL 2064891 (D. Alaska Jan. 23, 2004). However, other cases hold that Rule 6(b)(1)(B) applies, in part because, according to these cases, it is the more specific rule. *Johnson v. Murphy*, 2011 WL 3099874 (D.S.C. July 22, 2011); *Anderson v. Caldwell County Sheriff's Office*, 2011 WL 198085 (W.D.N.C. Jan. 20, 2011) ("While

9

the court agrees that it can enlarge time contained in a pretrial order for good cause as provided by Rule 16, the more specific requirements of Rule 6(b)(1)(B) apply where, as here, the deadline has already run.").

If this Court's analysis were *de novo*, it would find that the Magistrate's decision was incorrect, and the Objection would be sustained. But the analysis is not *de novo*, it is for an abuse of discretion. In the absence of controlling Seventh Circuit precedent, the Court cannot find that a reasoned disagreement between jurists constitutes an abuse of discretion on the part of those jurists that reach a different conclusion than the Court. Accordingly, although the Court aligns itself with Defendant's reasoning, it nonetheless must overrule the objection.

**C.     Conclusion**

For the foregoing reasons, Defendant's Objection to United States Magistrate Judge Collins' Order Modifying the Scheduling Order and Granting Plaintiff's Motion to Extend Discovery Deadline is OVERRULED.

SO ORDERED on January 5, 2021.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT